IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

RORY E. SANTISTEVAN,                                09-CV-804-BR

        Plaintiff,                              OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.


**TIM D. WILBORN**
P.O. Box 2768
Oregon City, OR 97045
(503) 632-1120

        Attorney for Plaintiff

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
Social Security Administration
**FRANCO L. BECIA**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

      Attorneys for Defendant

**BROWN, Judge.**

      Plaintiff Rory E. Santisteven seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

      Following a review of the record, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the calculation and award of benefits.

## ADMINISTRATIVE HISTORY

      Plaintiff filed his applications for SSI and DIB on November 18, 2005, and alleged a disability onset date of

March 1, 2003.  Tr. 145-51, 193-95.[1]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on July 2, 2008, and a second hearing on November 13, 2008.  Tr. 21-34, 35-76.  Plaintiff was not represented by an attorney at either hearing.  Plaintiff testified at the first hearing.  Plaintiff, Plaintiff's mother and father, and a vocational expert (VE) testified at the second hearing.

The ALJ issued a decision on February 11, 2009, in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 7-20.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on May 13, 2009, when the Appeals Council denied Plaintiff's request for review.  Tr. 1-3.

## BACKGROUND

Plaintiff was born on March 6, 1988, and was 20 years old at the time of both hearings.  Tr. 40.  Plaintiff completed high school.  Tr. 15, 172.  Plaintiff does not have any past relevant work.  Tr. 19.  Plaintiff alleges disability due to "bipolar disorder, mixed mania."  Tr. 168.

Except when noted, Plaintiff does not challenge the ALJ's

---

[1] Citations to the official transcript of record filed by the Commissioner on December 22, 2009, are referred to as "Tr."

3 - OPINION AND ORDER

summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 17-18.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004 (9th Cir. 2005).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal

quotations omitted).

    The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins,* 466 F.3d at 882.  The Commissioner's decision must be upheld even if the evidence is susceptible to more than one rational interpretation.  *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005).  The court may not substitute its judgment for that of the Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.    The Regulatory Sequential Evaluation

    The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act.  *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007).  *See also* 20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

    In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity.  *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  *See also* 20 C.F.R. §§ 404.1520(a)(4)(I),

5 - OPINION AND ORDER

416.920(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Smolen v. Chater*, 80 F.3d

1273, 1284 n.7 (9th Cir. 1996). The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments. An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p at *4.

In Step Four, the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**II. Evaluation of Drug and Alcohol Abuse.**

A claimant is not considered disabled if drug addiction or alcoholism is a contributing factor material to the determination of disability. 42 U.S.C. § 1382c(a)(3)(J). *See also Bustamante v. Massanari,* 262 F.3d 949, 955 (9th Cir. 2001). Substance abuse is a material factor when the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol. 20 C.F.R. § 404.1535(b).

If the claimant is found to be disabled and there is medical evidence of substance abuse, the ALJ must determine whether drug addiction or alcoholism "is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(a). To assess the materiality of drug or alcohol abuse,

> an ALJ must first conduct the five-step inquiry without separating out the impact of alcoholism or drug addiction. If the ALJ finds that the claimant is not disabled under the five-step inquiry, then the claimant is not entitled to benefits . . . . If the ALJ finds that the claimant is disabled and there is medical evidence of his drug addiction or alcoholism[,] then the ALJ should proceed under § 404.1535 or 416.935 to determine if the claimant would still [be found] disabled if he stopped using alcohol or drugs.

*Bustamante*, 262 F.3d at 955 (internal quotation omitted). In effect, the ALJ must make a second five-step sequential inquiry to "evaluate which of [the claimant's] current physical and mental limitations, upon which [the ALJ] based [the] current disability determination, would remain if [the claimant] stopped using drugs or alcohol and then determine whether any or all of

8 - OPINION AND ORDER

[the claimant's] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2). *See also Bustamante*, 262 F.3d at 955.

In such materiality determinations, the claimant bears the burden to prove that drug addiction or alcoholism is not a contributing factor material to the disability. *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff has not engaged in substantial gainful activity since March 1, 2003. Tr. 13.

At Step Two, the ALJ found Plaintiff has the severe impairments of "schizoaffective disorder bipolar type" and cannabis dependence. Tr. 13.

At Step Three, the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ assessed Plaintiff's RFC and found Plaintiff had the RFC to perform simple, repetitive, and routine work even "with cannabis dependence." The ALJ also found when considering Plaintiff's cannabis dependence, Plaintiff should have only occasional interaction with co-workers and no exposure to hazards. Tr. 14. Taking Plaintiff's cannabis dependence into consideration, the ALJ also found Plaintiff could not "sustain a normal work schedule on a regular and continuing basis" due to his marked

9 - OPINION AND ORDER

limitation in concentration.  When he discounted Plaintiff's cannabis dependence, the ALJ limited Plaintiff to simple, repetitive, routine work with occasional interaction with co-workers and the general public as well as work that did not involve exposure to hazards.  Tr. 16.

At Step Four, the ALJ found Plaintiff does not have any past relevant work.  Tr. 15.

At Step Five when the ALJ considered Plaintiff's cannabis dependence, the ALJ found Plaintiff is unable to perform jobs that exist in significant numbers in the national economy. Tr. 15.  When the ALJ discounted Plaintiff's cannabis dependence, however, the ALJ found Plaintiff is capable of performing jobs that exist in significant numbers in the local and national economies.  Tr. 19.  Accordingly, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 20.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected, among other things, the opinion of Thomas DeBlois, M.D., Plaintiff's treating psychiatrist, (2) found Plaintiff's medically determinable impairments do not meet or equal Listing 12.03 at Step Three, (3) improperly rejected Plaintiff's testimony, (4) improperly rejected lay-witness testimony, and

10 - OPINION AND ORDER

(5) posed an insufficient hypothetical to the VE at Step Five.

### I. The ALJ erred when he rejected the opinion of Thomas DeBlois, M.D., treating psychiatrist.

Plaintiff contends the ALJ erred when he rejected the opinion of Dr. DeBlois, treating psychiatrist.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999). A nonexamining

11 - OPINION AND ORDER

physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Id.* at 600.

### A. The ALJ erred when he rejected the opinion of Dr. DeBlois, treating psychiatrist.

Plaintiff contends the ALJ erred when he rejected Dr. DeBlois's opinion that Plaintiff has suffered from Bipolar Disorder with psychotic features since Dr. DeBlois began treating Plaintiff in 2005. Dr. DeBlois found Plaintiff marked difficulties in understanding, remembering, adapting, functioning socially, persisting, and concentrating and that Plaintiff is unable to live independently. Plaintiff asserts the ALJ would have had to conclude that Plaintiff met Listing 12.03 if the ALJ had credited Dr. DeBlois's opinion. As a result, the ALJ would have found Plaintiff is disabled.

The ALJ gave "little weight" to Dr. DeBlois's June 2008 opinion on the grounds that it was not consistent with his treatment records and did not account for Plaintiff's ongoing marijuana use. Tr. 17. For example, the ALJ noted in November 2005 that Dr. DeBlois observed Plaintiff appeared to be fairly stable and was thinking clearly. Tr. 17, 301. Dr. DeBlois assessed Plaintiff at that time with a GAF of 70,[2] which indicates "some mild symptoms (*e.g.*, depressed mood and mild

---

[2] The GAF scale is used to report a clinician's judgment of the patient's overall level of functioning on a scale of 1 to 100. *Diagnostic and Statistical Manual of Mental Disorders* (4th ed. 1994)(*DSM-IV*) at 30-32.

12 - OPINION AND ORDER

insomnia), OR some difficulty in social, occupational, or school functioning . . . but generally functioning pretty well, has some meaningful inter-personal relationships." DSM-IV at 34. The ALJ pointed out that Dr. DeBlois found in May 2008 that Plaintiff was stable on his medications, his mood was "fine," and he was cooperative. Tr. 18, 437.

As Plaintiff points out, although Dr. DeBlois consistently referred to Plaintiff's marijuana use in his treatment notes, he did not conclude Plaintiff's limitations would cease if he stopped using marijuana. Dr. DeBlois noted in May 2008 that Plaintiff was compliant with his medications, but Plaintiff was not eating well, was "worri[ed] about all of the staring people," and had recently "put scissors to neck in context of conflict/anxiety." Tr. 436. Similarly, in his November 2005 psychological evaluation of Plaintiff, Dr. DeBlois noted Plaintiff had "anxious and paranoid thinking processes." Tr. 301. On June 20, 2006, Dr. DeBlois found Plaintiff was compliant with his medication, but he was "scared of going to hell" and worried people were trying to control his thoughts. Tr. 445. Dr. DeBlois recommended to Plaintiff's parents that they "monitor [his] safety closely." Tr. 445. Similarly, on June 14, 2006, Dr. DeBlois noted Plaintiff's mother reported Plaintiff was "fixated on the computer for hours on end . . . [and] sharing some grandiose plans for future and was avoiding

13 - OPINION AND ORDER

sleep with statements about nightmares." Tr. 448. On September 12, 2006, Dr. DeBlois again noted Plaintiff was compliant with medications, but, nevertheless, he was experiencing increased manic symptoms, depression, and agitation. Tr. 391. On October 30, 2007, Dr. DeBlois concluded Plaintiff "has chronic mental illness and cannot live independently." Tr. 439.

In addition, Dr. Dickinson, examining psychologist, noted at the time of his November 2007 examination of Plaintiff that Plaintiff was compliant with medication but "was delusional at times." Tr. 434. Dr. Dickinson agreed with Dr. DeBlois's opinion that Plaintiff "will likely remain chronically mentally ill." Tr. 434.

Similarly, Oregon State Disability reviewer P.K. Pati, M.D., opined Plaintiff had marked restrictions in his activities of daily living; social functioning; and maintaining concentration, persistence, or pace. Tr. 427.

Robert Davis, Ph.D., the medical expert who testified at Plaintiff's hearing also opined Plaintiff "would still be unable to function outside the home environment" even is he did not use marijuana. Tr. 69.

On this record, the Court concludes the ALJ erred when he rejected Dr. DeBlois's June 2008 opinion because the ALJ did not provide clear and convincing reasons supported by substantial

evidence in the record for doing so.

## REMAND

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). When "the record has been fully developed and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004).

Generally the decision whether to remand this case for further proceedings or for the payment of benefits is within the discretion of the Court. *Harman*, 211 F.3d at 1178.

The Ninth Circuit, however, has established a three-part test "for determining when evidence should be credited and an immediate award of benefits directed." *Id*. The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting . . . evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if

15 - OPINION AND ORDER

the case were remanded for further proceedings.  *Id.* at 1178 n.2.

The Court has determined the ALJ erred when he improperly gave little weight to the opinion of Dr. DeBlois.  As noted, Plaintiff contends if the ALJ had properly credited Dr. DeBlois's opinion, the ALJ would have been required to find Plaintiff is disabled under Listing 12.03.  The Court agrees.

Listing 12.03 provides in pertinent part:

> *12.03 Schizophrenic, Paranoid and Other Psychotic Disorders:*  Characterized by the onset of psychotic features with deterioration from a previous level of functioning.
>     The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
>
> * * *
>
> C.  Medically documented history of a chronic schizophrenic, paranoid, or other psychotic disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the following:
>
>     1.  Repeated episodes of decompensation, each of extended duration; or
>
> * * *
>
>     3.  Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.03.  After giving this

16 - OPINION AND ORDER

evidence the effect required by law, the Court finds the ALJ would be required to find Plaintiff meets Listing 12.03 and, therefore, is disabled.[3]  The Court, therefore, concludes this matter should not be remanded for further proceedings.  *See Schneider v. Commissioner*, 223 F.3d 968 (9th Cir. 2000).  *See also Reddick*, 157 F.3d at 729 ("We do not remand this case for further proceedings because it is clear from the administrative record that Claimant is entitled to benefits."); *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989)(if remand for further proceedings would only delay the receipt of benefits, judgment for the claimant is appropriate).  Accordingly, the Court remands this matter for the immediate calculation and award of benefits to Plaintiff.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for the immediate calculation and award of

---

[3] Because the Court credits the opinion of Dr. DeBlois and, therefore, concludes Plaintiff is disabled, the Court need not address Plaintiff's other contentions.

17 - OPINION AND ORDER

benefits.

    IT IS SO ORDERED.

    DATED this 26th day of August, 2010.


                                                             /s/ Anna J. Brown

                                                  ANNA J. BROWN  
                                                  United States District Judge

18 - OPINION AND ORDER